IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| JOSE ANTONIO LOPEZ | : |
| DEBTOR | : BANKRUPTCY NO. 09-13867 |
| | |
| JOSE ANTONIO LOPEZ | : |
| PLAINTIFF | : |
| VS. | : |
| FIRST JUDICIAL DISTRICT OF PENNSYLVANIA AND DAVID WASSON, III | : |
| DEFENDANTS | : ADVS. NO. 12-0053 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

The Debtor has filed a complaint seeking a determination of the dischargeability of particular debts. The debts in question are the unpaid court costs arising out of a certain state court criminal prosecution. The Defendants oppose the request. The Debtor has filed a motion for summary judgment, which is opposed. After a hearing held on June 20, 2012, the parties submitted a stipulated itemization of the unpaid costs. Thereafter, the Court took the matter under advisement. For the reasons which follow judgment will be entered in favor of the Defendants and against the Plaintiff, the Court concluding that the debts in question are not dischargeable.[1]

---

[1] This matter is within the Court's core jurisdiction. See 28 U.S.C. § 157(b)(2)(I) (listing among "core" proceedings determinations of dischargeability of debts).

## Background

Prior to bankruptcy, Debtor was convicted of a criminal offense in the Court of Common Pleas of Philadelphia County.[2] See Complaint ¶ 7; Answer ¶ 7. A judgment was entered against him which included fines, restitution, and court costs. Id. ¶ 8. While there is some dispute as to whether the Debtor paid all of the fines and restitution awarded, the parties have stipulated to the amount of unpaid court costs. See Stipulation of Facts, Adv. No. 12-0053, Docket #14. The Debtor claims that 15 of the 17 unpaid court costs, totaling $1,366.77, were discharged in his bankruptcy case. Id. ¶ 11. Whether they were is the sole question before this Court.

## Statutory Authority

The Debtor's[3] request for a determination of dischargeability of a particular debt is brought under § 523:

> (a) a discharge under section 727 ... of this title does not discharge an individual debtor from any debt-
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and which is not compensation for actual pecuniary loss, other than a tax penalty...

11 U.S.C. § 523(a)(7). The Supreme Court has held that § 523 (a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." See Kelly v. Robinson, 479 U.S. 36, 50, 107 S.Ct. 353, 361 (1986).

---

[2]That court is within the First Judicial District of Philadelphia. Mr. Wasson is its Court Administrator.

[3]The Bankruptcy Rules provide that either the "debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." B.R. 4007(a).

2

**Elements and
Burden of Proof**

The Third Circuit has interpreted this provision to require proof of three elements:

(1) that the debt is for a **fine, penalty or forfeiture**;

(2) that it is payable to and for the for the benefit of a **government unit**; and

(3) that it is **not compensation** for **actual pecuniary loss,** other than a tax penalty—

See *Rashid v. Powell (In re Rashid)*, 210 F.3d 201, 206 (3d Cir. 2000). The thrust of the Debtor's argument goes to the first prong of this test. The parties do not dispute that the First Judicial District of Pennsylvania is a "governmental unit" for whose benefit the debt would be paid[4] and so the second prong is safely established. As to the third prong, while it is not specifically raised it is raised implicitly, and will accordingly be discussed *infra*.

As to the burden of proof, it is immaterial because there are no facts in dispute. This is solely a legal dispute, therefore the Court will proceed directly to the arguments.

**Case Law**

Neither the Supreme Court nor the Third Circuit have had occasion to expressly rule on the question of whether § 523(a)(7) excepts criminal court costs from discharge. The Third Circuit, however, has appeared to indicate in *dicta* that it would hold criminal court costs dischargeable. See *City of Philadelphia v. Gi Nam (In re Gi Nam)*, 273 F.3d 281, 286 n.4 (3d Cir. 2001) (stating without elaboration, in ruling that a judgment for a

---

[4]*See* 11 U.S.C. § 101(27) (defining "governmental unit" to include a "department, agency or instrumentality of ... a State [or] ... municipality")

3

forfeited bail bond is not discharged that court costs are likely dischargeable, but specifically avoiding any ruling on that question).

Other circuit courts, however, have ruled on the *exact* question, and these are unanimous in holding that under § 523(a)(7) criminal court costs are not dischargeable. *See Thompson v. Commonwealth (In re Thompson)*, 16 F.3d 576, 581 (4th Cir. 1994), cert denied, 512 U.S. 1221, 114 S.Ct. 2709 (1994); *State of Tennessee v. Hollis (In re Hollis)*, 810 F.2d 106, 108-109 (6th Cir 1987); *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985) To the extent there exists contrary authority, it involves not § 523 but § 1328, which contains a narrower non-dischargeability provision as to criminal debts. *See Ryan v. United States (In re Ryan)*, 389 B.R. 710, 717 (9th Cir. BAP 2008) (holding under § 1328(a)(3) that exception to discharge "for restitution, or a criminal fine included in the sentence on the debtor's conviction of a crime" does not extend to costs of criminal prosecution).

### Fine, Penalty or Forfeiture

The Debtor maintains that the court costs are neither a fine, nor a penalty, nor a forfeiture, because they are not penal. Debtor's Brief, 1. As a matter of law, this premise is incorrect. As the Third Circuit explained

> We do not interpret *Kelly* to imply that the "fine, penalty or forfeiture" prong of section 523 (a)(7) is restricted in scope to except from dischargeability only obligations of a penal nature.
> ...
> *Kelly*, therefore, stands for the proposition that section 523(a)(7) excepts from dischargeability some penal sanctions that technically are neither fines nor penalties nor forfeitures. However, it does not logically follow from this

4

> proposition that section 523 (a)(7) excepts *only* sanctions of a penal nature.

*In re Gi Nam*, 273 F.3d at 287 (emphasis in original).  Based on the above, it cannot be said that the statute is limited to penal sanctions.

### Costs are Mandatory

The Debtor also contends that only discretionary fees or charges may be penal.  The court costs in this case, he says, are not discretionary but, instead, are automatically assessed pursuant to statute.  He is correct in this regard.  The 15 separate costs for which discharge is sought are each based on a specific Pennsylvania statute.  *See* Stipulation of Facts.  Such charges can be roughly categorized as either a generic court cost, a cost to fund a particular court system,  or a fee assessed on behalf of a specified interest group fund.  Importantly, each statute declares that the particular costs *shall* be assessed.  Accordingly, the Debtor concludes, the mandatory nature of such charges makes them subject to discharge.  Debtor's Brief, 3-5.  As the Court has already concluded that the statute is not limited to penal sanctions, this argument does not change the outcome.

### Costs Not Part of Sentence

Debtor also argues, alternatively, that the costs are not penal because they are not part of a criminal sentence.  He relies here on Pennsylvania Supreme Court authority. *See Commonwealth v. Nicely*, 536 Pa. 144, 152, 638 A.2d 213, 217 (1994) ("The imposition of costs in a criminal case is not part of the sentence, but rather is incident to the judgment.")  Because the Supreme Court held in *Kelly* that § 523(a)(7)

5

renders nondischargeable "any condition imposed as part of a criminal sentence" and because *Nicely* holds that costs are *not* part of a sentence, costs are not excepted from discharge. Debtor's Brief, 4-5.

**Federalism**

The Defendants' contrary argument is based on "the fundamental policy against federal interference with state criminal prosecutions." Defendants' Brief 3 citing *Kelly*, 479 U.S. at 47. This reflects the "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Id.* citing *Kelly*, 479 U.S. at 47. Because this argument was addressed by one or more of the circuit courts cited above it will be analyzed here.

In *Thompson, supra*, the debtor sought to discharge court costs imposed as part of his prosecution. 16 F.3d at 576. Like this Debtor, the debtor in *Thompson* argued that the costs were not penal and, therefore, not dischargeable. *Id.* at 577. In support of his case, the *Thompson* debtor asserted state law to that effect. *Id.* at 577. The Fourth Circuit conceded that state case law demonstrated that the costs assessed were not part of the sentence. *Id.* at 579. However, it concurred with the Commonwealth's point that Virginia law on the question of the "definition of court costs" has "developed almost exclusively outside the context of the federal bankruptcy statutes:"

> In none of the Virginia cases cited were the courts
> confronted with the task outlined in *Kelly* of balancing
> Congress' desire to afford relief to over-extended debtors,
> and the state's interest in prosecuting its criminal laws.
> Indeed, the latter is an interest that the framers of the
> Bankruptcy Code do seem to have shared. "The bankruptcy
> laws are not a haven for criminal offenders, but are designed
> to give relief from financial overextension." H.Rep. No. 595,
> 95th Cong., 2nd Sess. 342, reprinted in 1978 U.S.Code

> Cong. & Admin.News 5787, 6299 (legislative history to automatic stay provision).

16 F.3d at 579-580. For the Fourth Circuit, the fact of bankruptcy changes the contextual lay of the land. Federalism requires the court to consider the policy of bankruptcy. It is to protect the financially unwise or unfortunate. It is not to provide succor to the dishonest or criminal. *See also In re Hollis, supra*, 810 F.3d at 108 (noting the Supreme Court's observation in *Kelly* that bankruptcy court should "defer[ ] to [state] court criminal judgments and in light of [their] interest in unfettered administration of their criminal justice systems"). This Court concurs with the reasoning of *Thompson*.

### Actual Pecuniary Loss

While the third and final prong of § 523(a)(7)—that the debt not be for actual pecuniary loss—is not expressly raised by either party, it will be addressed for the sake of completeness. The claim that criminal costs are not penal, but are, instead, pecuniary was made by the debtor in *Zarzynski, supra*, 771 F.2d at 306. In rejecting that argument, the Seventh Circuit distinguished court costs from ordinary commercial debts:

> In our view what a county expends in a criminal prosecution in the fulfillment of its statutory police power responsibilities is not "an actual pecuniary loss" to the county. It is, of course, an expenditure by the government, part of the expense of governing, but the county did not undertake the expense expecting to create a debtor-creditor relationship. In this case, the county did its duty to protect the public by convicting and punishing a law violator. There is no county pecuniary loss when the county functions as it should in the furtherance of its public responsibilities.
>
> Nor does the fact that the costs are based on what the

7

> county expended in the criminal trial convert the costs into "compensation for actual pecuniary loss." The costs can be viewed a part of the penalty even though it is a penalty measured by the extent of certain county expenditures for the trial. As the Second Circuit once said, bankrupts who have violated laws passed for the public good cannot escape punishment by going into bankruptcy." In re Abramson, 210 Fed. 878, 880 (2d Cir.1914).

*Id.* The Fourth Circuit in *Thompson* answered the question in much the same way:

> Even though repayment is unarguably one reason for assessing such costs, in operation, the manner in which the costs may be paid suggests that they should be understood more broadly than simply as repayment to the State.
>
> The court costs owed to the Commonwealth under a criminal case bear little resemblance to what normally constitute costs or recovery for pecuniary loss in a civil case. Section 19.2-354(B) of the Virginia Code allows the trial court to establish a program which would allow those who are unable to pay their fines and costs to satisfy their obligation through the performance of community service. Va.Code Ann. § 19.2-354(B) (Michie 1990). Section 19.2-356 authorizes the court to place *as a condition of probation,* the payment of costs, and authorizes the court to require the defendant to be of uniform good behavior if payment of the fines and costs are deferred or made a condition of probation. Va.Code.Ann. § 19.2-356 (Michie 1990). All those terms and conditions suggest that the *assessment of costs* is understood by the Commonwealth as *operating hand-in-hand with* the penal and sentencing goals of the *criminal justice system. The practical operation of the cost-assessment can only be understood in the penal context.* Consequently, while for state law purposes these costs may be considered other than penal, for the purposes of the Bankruptcy Code the costs appear as a "condition a state criminal court imposes as part of a criminal sentence." Kelly, 479 U.S. at 50, 107 S.Ct. at 361. The *Kelly* decision thus mandates that for purposes of federal bankruptcy law, costs imposed as the result of criminal conviction are non-dischargeable in bankruptcy.

*Thompson, supra,* 16 F.3d at 580 (emphasis added); *accord In re Donahue,* 2006 WL

8

3000100, at *2 (Bkrtcy.N.D.Iowa, Oct. 16, 2006); *Matter of Cox*, 33 B.R. 657, 662 (Bkrtcy.Ga.1983); *In re Garvin*, 84 B.R. 824, 826 (Bkrtcy.M.D.Fla. 1988).

### Summary

The unanimous weight of appellate authority supports the conclusion that the court costs of a criminal proceeding may not be discharged. Each circuit court which has ruled on this express question—that is, whether criminal court costs are excepted from discharge under § 523(a)(7)—has held that such costs are non-dischargeable. The Debtor's argument for a contrary ruling has support only in *dicta*, albeit from this Circuit. While probative, the Court does not find this dictum to outweigh the cogent decisions reached by three other Circuit Courts. Notably, the Debtor's reliance on the Pennsylvania Supreme Court's statement in *Nicely, supra*, to distinguish costs from sentencing was also specifically rejected by the Fourth Circuit in *Thompson, supra*. Finally, and the argument that this Court finds most compelling, is the admonition against federal court interference with state court criminal proceedings, as discussed in *Kelly and Thompson, supra*. For all of these reasons, the Debtor's Motion for Summary Judgment will be denied. As a corollary to that ruling the Debtor's Complaint will be dismissed.

An appropriate Order follows.

By the Court:

*/s/ Stephen Raslavich*

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>July 18, 2012</u>