# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| | : |
| JOSE ANTONIO LOPEZ | : |
|     DEBTOR(S) | : BANKRUPTCY NO. 09-13867 SR |
| | |
| JOSE ANTONIO LOPEZ | : |
| | : |
|     PLAINTIFF(S) | : |
|     VS. | : |
| FIRST JUDICIAL DISTRICT OF PHILADELPHIA | : |
| AND DAVID WASSON, III | : |
|     DEFENDANT(S) | : ADVS. NO. 12-53 |

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

## *Introduction*

Before the Court is "Plaintiff's Second Motion for Partial Summary Judgment" in the above adversary proceeding. The Plaintiff/Debtor's Motion seeks a determination that costs and fees imposed on him in connection with certain criminal matters were covered by the 2009 discharge he received in this Chapter 7 bankruptcy case. The Motion is opposed by the Defendants (collectively the "FJD"). The record before the Court consists of a "Second Stipulation of Facts" submitted by the parties. For the reasons which follow, the Motion will be granted in part and denied in part.

## *Background*

The Plaintiff/Debtor, Jose Antonio Lopez, filed this Chapter 7 Bankruptcy case on May 26, 2009. He received a discharge on September 2, 2009 and the case was closed

on September 17, 2009. In October 2011 he filed a *pro se* request to have his case reopened to determine whether the scope of his discharge extended to the prepetition costs and fees imposed on him in connection with certain criminal matters. The case was reopened on December 8, 2011.

An adversary proceeding seeking relief on the Debtor's behalf was filed on January 20, 2012. A Motion for Summary Judgment, based on a Joint Stipulation of Facts, was filed and a hearing thereon was held June 20, 2012. On July 18, 2012 the Court ruled against the Debtor and dismissed the Complaint. The Debtor appealed that ruling to the District Court, which affirmed the dismissal. The Debtor appealed the District Court's ruling to the Third Circuit Court of Appeals. On June 10, 2014 the Court of Appeals vacated both lower court decisions and remanded the matter to the Bankruptcy Court, finding the evidentiary record inadequate to support a determination as to the merits of the Debtor's request.

On December 17, 2014, this Court held a status conference with the parties to discuss the evidentiary record. The parties advised the Court that they proposed to supplement the record with a second stipulation of facts and present the case for decision via another Motion for Summary Judgment. This has occurred and the matter is again ripe for disposition. In its present iteration, however, the Debtor's request for relief has narrowed considerably.

In the Debtor's first Motion for Summary Judgment there was at issue an unpaid balance of $1,366.77 pertaining to seven separate criminal proceedings. The amount in controversy has fallen to roughly $400.00 and is related to just three prior criminal

2

matters. The decline is attributable to the Debtor's concession that the unpaid costs associated with the other criminal matters are non-dischargeable based on the Court of Appeals' Opinion of June 10, 2014 which, they agree, is the controlling law of the case.

In this respect, the parties' Second Stipulation of Facts identifies the following as still in dispute:

| Proceeding # | Type of Cost | Statute | Amount |
| --- | --- | --- | --- |
| #3 | Lien Filing Fee | 42 PA. C.S.A. § 9730.1(a) | $18.50 |
| #5 | State Court Cost | 42 P.S. §1725.1(b) | $10.30 |
|  | Commonwealth Cost | 42 P.S. §1725.1(b) | $8.90 |
|  | County Court Cost | 42 P.S. §1725.1(b) | $28.80 |
|  | Domestic Violence Compensation | 35 P.S. §10182 | $10 |
|  | Firearm Act | 61 P.S. § 6308 | $5 |
|  | Clerk of Quarter Sessions | 42 PA C.S.A. 21081 | $5 |
|  | Crime Victims Compensation | 18 P.S. §11.1101(b)(1) | $35 |
|  | Victim Witness Service | 18 P.S. §11.1101(b)(1) | $25 |
|  | Judicial Computer Project | 42 P.S. §3733(a) | $8 |
|  | Access to Justice | 42 P.S. § 3733(a.1) | $2 |
|  | Criminal Lab Fee | 42 P.S. § 1725.3 | $135 |
| #6 | Offender Supervision/Probation | 18 P.S. §11.1102 | $250 |

In addition to the foregoing, the parties agree that since the petition date the Debtor paid $35.70 towards so called "collection" costs that had been assessed in connection with the FJD's efforts to collect the other sums it claimed he owed. The FJD has apparently waived any unpaid balances associated with these "collection costs," leaving no balance owed. However, the Debtor requests a determination that the

3

collection costs in question were dischargeable debts, and that he should therefore receive a credit for $35.70 against any of the remaining disputed amounts which are found to be non-dischargeable. Oral argument on the second Summary Judgment Motion was heard on March 18, 2015. At that time the Debtor conceded that the above referenced $135.00 Criminal Lab Fee in Proceeding #5 was non-dischargeable.

In sum therefore, the parties' dispute is reduced to 1) the items detailed in the above chart (less the criminal lab fee), plus 2) the question of the dischargeability of prior "collection costs."

## *Discussion*

*Summary Judgment*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure[1] ("Fed.R.Civ.P."). Pursuant to Rule 56, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For purposes of Rule 56, a fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

---

[1] Made applicable to adversary proceedings by B.R. 7056.

The court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one sided that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-250, 106 S.Ct. at 2511-12. In making this determination, the court must consider all of the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party, and against the movant. *See Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3rd Cir. 2014).

To successfully oppose entry of summary judgment, the nonmoving party may not simply rest on its pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553. Such evidence must be sufficient to support a jury's factual determination in favor of the nonmoving party. *Anderson, supra*, 477 U.S. at 250, 106 S.Ct. at 2511. Evidence that merely raises some metaphysical doubt regarding the validity of a material fact is insufficient to satisfy the nonmoving party's burden. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). If the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, the moving party is entitled to entry of summary judgment in its favor as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.

I.    Proceeding #5

The Court begins its analysis with the enumerated costs (less lab fees) associated with Proceeding #5.

The crux of the dispute as to Proceeding #5 goes to the text of the State Court Sentencing Order. In this regard, the Proceeding #5 Sentencing Order provides, as follows:

"Costs and Lab Fees to be paid within 12 months."

The Debtor argues that because there is no figure setting forth the amount of costs to be imposed, the Sentencing Order is defective for present purposes and the enumerated costs for the proceeding must be held dischargeable. The Debtor concedes this to be a somewhat close question. Transcript of Hearing, Mar. 18, 2015 (Tr.) at 13

In reviewing the Sentencing Orders for Proceeding ## 1 through 5, the Court notes that they are not uniform. Proceeding #1, for instance, provides for a fine of $100.00 and itemized court costs in the amount of $142.50. There is no payment due date.

Proceeding #2, in contrast, recites the imposition of an unitemized $180 in court costs, payable within one year, and indicates that probation "supervision fees" are waived. This Sentencing Order was replaced roughly 2½ years later with a new Sentencing Order which provided for $110 in new unitemized "costs and fees," and states that supervision "fines and costs" are "to remain." There is no payment due date.

The text of the Sentencing Order in Proceeding #3 is not actually implicated in this context, because it has been resolved with the exception of the disputed lien filing fee. The Court notes, however, that that Sentencing Order provided for the unitemized assessment of $210 in "costs and fees," with no payment due date. Finally, Proceeding #4 provides for unitemized "costs and fees" in the amount of $340 with no payment due date.

Proceeding #5, meanwhile, provides for "costs and lab fees to be paid within 12 months." There is neither an amount, nor an itemization of the "costs" associated with this proceeding in the Sentencing Order, although there is a payable due date of "within 12 months."

As noted, it is the Debtor's position that the individual costs of Proceeding #5 are not actually part of the "Sentencing Order" because the aggregate amount ($138.00) is not set forth. Accordingly, argues the Debtor, the costs are dischargeable. The Court disagrees:

The Debtor's[2] request for a determination of dischargeability of a particular debt is brought under § 523:

> (a) a discharge under section 727 ... of this title does not discharge an individual debtor from any debt-
> …
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and which is not compensation for actual pecuniary loss, other than a tax penalty...

11 U.S.C. § 523(a)(7). *See City of Phila. v. Krasny (In re Gi Nam)*, 273 F.3d 281, 285

---

[2] The Bankruptcy Rules provide that either the "debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt" B.R. 4007(a).

(3d Cir. 2001) (explaining that this provision requires proof (1) that the debt is for a fine, penalty or forfeiture; (2) that it is payable to and for the for the benefit of a government unit; and (3) that it is not compensation for actual pecuniary loss).

The Supreme Court has held that § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *See Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 361 (1986). In interpreting that ruling, the Third Circuit observed that

> [e]very cost imposed as part of a state criminal sentence (subject only to the "two qualifying phrases" in § 523(a)(7) that the cost "be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss' ") is exempt from discharge in a Chapter 7 bankruptcy, regardless of whether the intention of the *sentencing court in imposing the cost, or of the state legislature in authorizing or requiring the cost to be imposed*, was to punish the offender. *Kelly,* 479 U.S. at 51, 107 S.Ct. 353 (quoting 11 U.S.C. § 523(a)(7)). That much follows directly from *Kelly's* holding that "§ 523(a)(7) preserves from discharge *any* condition a state criminal court imposes as part of a criminal sentence." *Id.* at 40, 107 S.Ct. 353 (emphasis added). The breadth of that holding prohibits bankruptcy courts from searching for a reason, other than those provided by the two qualifying phrases quoted above, to discharge some financial obligations imposed at sentencing and not others. Moreover, the *Kelly* Court clearly did what it did "in light of the history of bankruptcy court deference to criminal judgments," *id.* at 44, 107 S.Ct. 353, and to avoid "federal remission of judgments imposed by state criminal judges," *id.* at 49, 107 S.Ct. 353.

*Lopez v. FJD*, 579 Fed.Appx. 100, 103 (3d Cir. 2014) (emphasis added).

The Debtor contends that the costs of Proceeding #5 were discharged *solely* because the Sentencing Order did not specify a specific amount for the costs:

8

> To simply say costs with no specification of an amount, or what costs or any way to determine what they are, we just have no way to know what's included. And using the general rule that exceptions to discharge are interpreted narrowly, we think -- our position is that those should be discharged.

Tr. at 8

Following remand, however, the individual costs associated with Proceeding #5 were identified and agreed to by the parties. *See* Stipulation of Facts at ¶ 21. In this regard, the Debtor concedes that the statutory references for the respective fees are correct, and that the amounts are mathematically accurate after applying the relevant statute to the fee in question. Tr. at 11. The Court notes also that in Proceeding #4 the *exact* same set of ten costs was assessed as in Proceeding #5, and that they were assessed under the *exact* same statutes. The Court notes further the Debtor's concession that under the Court of Appeals July 14, 2014 decision, the costs associated with Proceeding #4 are non-dischargeable. *See* Stipulation of Facts at ¶ 18.

The Debtor nevertheless argues that, without the presence of a number beforehand, it cannot be said for a certainty that the particular costs now agreed to as being associated with Proceeding #5 were those contemplated by the Sentencing Judge when he wrote the word "costs" on the Sentencing Order. The Debtor's argument proves too much and the Court finds it unpersuasive. Indeed, in the opinion of the Court, it represents the "search for a reason to discharge a financial obligation" from which the Court is directed to refrain.

In this regard, the Court stresses that the presence of a "total" standing alone, neither informs as to its component parts, nor ensures that the unidentified component parts comport with a sentencing judge's intentions. The number could be comprised of

9

anything. The fact that a stated sum is later itemized, and then traced to and reconciled with the various statutes which mandate imposition of the items, does not serve to distinguish matters for present purposes. Put differently, since the parties agree that the unitemized costs associated with Proceeding #4 are non-dischargeable, it follows then that the now identified and agreed costs associated with Proceeding #5 are also non-dischargeable. The argument which the Debtor advances as to Proceeding #5, (lack of clarity) can be applied with equal force to Proceeding #4, and for that matter, to Proceeding ## 2 and 3 as well. To reiterate, a number, standing alone, does nothing to reveal its component parts, or the precise intentions of the sentencing judge in that respect.

Moreover, it certainly cannot be determined from an aggregated number, standing alone, whether the component parts thereof represent costs which are "to and for the benefit of a governmental unit" and "not compensation for actual pecuniary loss." That would require an itemization. It appears that it is common practice for the cost itemization to be prepared after the fact in the Philadelphia Court system. "Best practice" would no doubt be for costs to be concurrently itemized and attached to a sentencing order. However, the failure to set forth the total or itemize it at the moment of sentencing should not be fatal where the costs imposed are later shown to be associated with the proceeding, statutorily mandated, and accurately calculated. That is the case here. In short, on this record it cannot be said that the Proceeding #5

Sentencing Order is flawed in any way such as would render the "costs" associated with it dischargeable.[3]

In sum, the Court finds there are no genuine issues of material fact in dispute as to the Proceeding #5 costs. The Court finds, however, that it is the FJD and not the Debtor which is entitled to judgment as a matter of law. The Court accordingly will deny the Debtor's request for judgment in his favor with respect to the costs associated with Proceeding #5.

II.    Collection Costs and Lien Filing Fee

A.    Collection Costs

As noted, the "collection costs" at issue herein pertain to monies paid to a private collection agency to pursue recovery of unpaid costs imposed on the Debtor in prepetition criminal proceedings. The particulars of this arrangement and the current status of matters are laid out in the parties' Stipulation at ¶¶ 25 through 28.

There are no costs outstanding at present, but as noted the Debtor seeks a $35.70 credit for post-petition payments towards the costs and, in essence, a determination that all such unpaid prepetition costs were dischargeable debts.

The Debtor relies on the fact of the money having been paid not to the FJD but to a private industry third party collection agency. The FJD counters that this makes no difference, because by statute the Court system is authorized to proceed as it did. The Court finds the Debtor to have the better part of this argument.

---

[3] In reaching this conclusion, the Court is mindful that exceptions to discharge are to be narrowly construed and interpreted in favor of the Debtor. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993). Given the stipulated facts, however, the Court does not view this issue to be in genuine dispute as to Proceeding #5.

The Third Circuit took particular note of this dispute in its July 10, 2014 Opinion, identifying it as a "potential candidate for discharge" under the legal principles it had articulated. In footnote #4, the Circuit Court stated that this Court should consider, among other things, whether the collection fees were "payable to and for the benefit of a governmental unit" and not compensation for actual pecuniary loss," as follows:

> The Bankruptcy Court should also consider whether the collection fees were "payable to and for the benefit of a governmental unit" and "not compensation for actual pecuniary loss." The record provides some indication that the fees were either payable to and for the benefit of a private debt collector, or payable to and for the benefit of the FJD, but only as compensation for losses the FJD incurred by securing private debt collection services.

The parties' Stipulation of Facts is somewhat ambiguous as to the exact path the fees in question took, i.e., net recovery to the FJD, versus gross recovery directly to the FJD, with agency fees then remitted back. Irrespective, on the present evidentiary record either scenario falls within the ambit of the above observations of the Circuit Court.

The Court notes, as well, that the decision to pursue the recovery of unpaid costs in this manner is conceded by the FJD to be one made well after the relevant sentencing order is entered, and further, that the decision is not made by the Sentencing Judge, but by administrative employees at the FJD, who systematically assemble a group of cases with unpaid costs and then forward them to a collection agency. Tr. at 14-16.

The FJD argues that the collection agency fees, are non-dischargeable, because they are "all part of the enforcement process." Perhaps they are. That alone, however, does not render them a part of the Sentencing Order. To the contrary, the record establishes that the fees here were not, in fact, a part of the Sentencing Order. Further, the record establishes that the fees in question were either payable to and for the benefit of a private debt collector, or payable to and for the benefit of the FJD, but only as compensation for losses the FJD incurred by securing private debt collection services. Indeed, the FJD concedes this point. See Defendants' Response to Plaintiff's Second Motion for Partial Summary Judgment at ¶ 32 ("In this case, it is true the collection fees benefit a party other than a governmental unit…") Fees such as this, said the Circuit Court, should be "discharged without hesitation."

The Court accordingly will enter judgment in favor of the Debtor on this issue and direct that he receive a credit for $35.70 against sums found to be non-dischargeable herein.

### B.  Lien Filing Fee

The same result obtains for the $18.50 lien filing fee from Proceeding #3. The Proceeding #3 Sentencing Order is dated September 26, 2006. The parties' Stipulation states that the lien filing fee was charged to the Debtor roughly 3 months later, on December 20, 2006, when a civil judgment for unpaid costs was obtained against him. Stipulation at ¶ 14 The record is sparse as to other particulars of the civil judgment, such as the named parties and whether the FJD or the collection agency paid the filing fee. Irrespective, the chronology establishes that, as with the "collection costs," the fee

was simply part of the post-sentence "enforcement process." As discussed above, this is not the test. The prepetition lien filing fee appears to be a reimbursement for a post sentence out of pocket cost. It cannot be said to form a part of the Proceeding #3 Sentencing Order and the Court thus holds that it was discharged. Judgment in favor of the Debtor will therefore be entered as to the lien filing fee.

    III.    Probation Supervision Fees

The final amount in dispute pertains to Proceeding #6. The relevant facts associated with it are set forth in the parties' Stipulation at ¶¶ 22, 23, and 24, as follows:

> 22. The Debtor was also sentenced in a criminal proceeding in Bucks County, Pennsylvania which was transferred to the FJD and identified as Philadelphia Court of Common Pleas case number CP-51-MD-0005921-2007 ("Proceeding #6").
>
> 23. In Proceeding #6, Mr. Lopez pleaded nolo contendere to charges of harassment and disorderly conduct. A copy of the sentencing order in that proceeding is attached hereto as Exhibit F.
>
> 24. As of the Petition Date, the costs associated with Proceeding #6, and owed to the FJD, which remained unpaid were $250 for the Offender Supervision Fund (Act 35 of 1991). These costs are monthly fees charged by the First Judicial District for providing probation services to Mr. Lopez because he is a Philadelphia resident.

The Debtor maintains that because the sentence of probation did not mention a fee or cost associated with that punishment, the "supervisory" fees which appear on the docket sheet were not assessed as "part of the sentence" and, accordingly, were discharged. Debtor's Brief, 4. As additional authority, the Debtor relies on the Pennsylvania Supreme Court's holding that probation fees are considered part of a criminal judgment, and not part of a sentence. *Id.* citing *Commonwealth v. Nicely*, 536

14

Pa. 144, 152, 638 A.2d 213, 217 (1994). Additionally, he cites *In re Miller*, 511 B.R. 621, 632 (Bkrtcy.W.D.Mo. 2014) (holding that "intervention" fees assessed as part of program to aid criminal debtor in re-entering society after incarceration are dischargeable) *Id.* 5.

The FJD considers the Debtor's reliance on *Nicely* and *Miller* misplaced. Instead, it says, the Supreme Court's standard in *Kelly, supra*; to wit, that the costs be imposed as "part of a criminal sentence", is controlling. The FJD points out that when sentencing generally, the "court shall order the defendant to pay costs. " 42 P.S. § 9721(c.1). In the event that that the court fails to issue an order imposing those costs, the defendant is nevertheless liable for them. 42 P.S. § 9728(b.2) All costs, even supervisory fees, concludes the FJD are part of the criminal sentence and, as a result, are not dischargeable.

The Court disagrees. In Proceeding #6 the Debtor entered a plea of nolo contendere to charges of harassment and disorderly conduct in Bucks County. He was placed on probation for 12 months. The parties have attached a document entitled "Bucks County Criminal Court Sheet" as Exhibit "F" to their Stipulation and described it as the Proceeding #6 "Sentencing Order." It is not clear, however, that this description fits.

Although, in *Nicely*, the issue before the Pennsylvania Supreme Court involved the constitutionality of the State's Supervisory Fee program, the Court took pains to distinguish probation from a criminal sentence. In this respect, the Court characterized being placed on "probation" as a "condition." It further stated that an order

15

placing a Defendant on probation "…is not a judgment of sentence as that terms is construed for purposes of procedure…," and that a court in its discretion may place an offender on probation as an *alternative* to imposing a sentence. (emphasis added) On the strength of this one could arguably maintain that in Proceeding #6 the Debtor was not, in fact, "sentenced" at all.

That aside, however, the Court in *Nicely* also made clear that the supervision fee, which is imposed by the Pennsylvania Board of Probation and Parole, was created by the Pennsylvania General Assembly "in order to supplement the expense incurred in supervising offenders on probation," stating further that it was "…the General Assembly's mandate that persons on probation contribute to the cost of their supervision." Based upon this the Court concludes that the prepetition Probation Supervision Fees associated with Proceeding #6 were discharged in this bankruptcy case.

That is to say that, while it could be debated whether the supervision fees form part of a criminal "sentence," and while it might even be debated whether they constitute a "fine, penalty, or forfeiture," *see generally Miller, supra,* the discussion of the Pennsylvania Supreme Court in *Nicely* makes clear that the fees in question are intended to defray probation supervision costs. Accordingly, they are subject to the proviso in 11 U.S.C. § 523(a)(7) that the debt *not* be compensation for the relevant governmental unit's actual pecuniary loss. Here they are. As a consequence, the fees are a dischargeable debt. Judgment on this issue will therefore be entered in favor of the Debtor.

16

***Summary***

The Court finds that the prepetition costs associated with Proceeding #5 are non-dischargeable and remain owed by the Debtor. The "Collection Costs" paid to the private collection agency, however, were discharged and the Debtor is to receive a $35.70 credit against other costs owed by him. The prepetition lien filing fee associated with Proceeding #3 was also discharged, as were the prepetition probation supervision fees associated with Proceeding #6.

An appropriate order follows.

                                                By the Court:

Dated: <u>May 18, 2015</u>

                                                Stephen Raslavich
                                                United States Bankruptcy Judge